445 A.2d 514

**COMMONWEALTH of Pennsylvania**

v.

**Gerald EVERETT, Appellant.**

Superior Court of Pennsylvania.

Argued June 24, 1981.

Filed May 7, 1982.

Petition for Allowance of Appeal Denied Aug. 31, 1982.

Daniel H. Greene, Philadelphia, for appellant.

Maureen A. Brennan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

184

Before HESTER, CAVANAUGH and DISALLE, JJ.

HESTER, Judge:

On July 18, 1979, the appellant Gerald Everett, was charged with murder, voluntary and involuntary manslaughter, robbery and criminal conspiracy for his participation in the hold-up of a candy store at 16th and Bainbridge Streets in Philadelphia and the shooting death of the store's owner, John Jennings. The Commonwealth later moved for a nolle prosequi of the involuntary manslaughter charge. The appellant was found guilty of all remaining charges except voluntary manslaughter. A post-trial motion for a new trial and in arrest of judgment were denied January 28, 1981; and, on February 25, 1981, the appellant was sentenced to life imprisonment at the Graterford State Correctional Institute for the murder in the first degree conviction and concurrent sentences of 10 to 20 years for the robbery conviction and 5 to 10 years for the criminal conspiracy conviction. This appeal from the judgment of sentence was filed on February 26, 1981.

Viewed in a light most favorable to the verdict winner, the facts and circumstances unfolded as follows:

On July 17, 1979, at 1:30 p. m., the appellant drove Raymond Gray (nicknamed "Sutan") and Robert Burgess (nicknamed "Woody") to the corner of 16th Street and Kater, parked his vehicle facing in a westerly direction on Kater Street and allowed his two passengers to leave the vehicle. Gray and Burgess then entered a small candy store on 16th and Bainbridge.

The storekeeper, Bernard Ferguson, was selling candy to one of the men when the darker-skinned of the two pushed Ferguson's head to the counter-top and held a gun to his head. The light-skinned assailant then approached the store owner, John Jennings, and aimed a gun at him as well. Jennings grabbed the gun and a struggle ensued between him and the light-skinned assailant. The darker-skinned man ran to the aid of his accomplice and shot twice at

Jennings, with the second shot delivering a fatal wound to the chest.

The two men, Gray and Burgess, were then seen running north on 16th Street and turning left (west) on Kater Street. At about that same time, or very shortly thereafter, another eyewitness saw the appellant's car moving in a westerly direction on Kater Street between 16th and 17th with two men in it and a third man jumping in as the vehicle slowed at the corner of 17th and Kater. After stopping at Gray's house on Fitzwater Street, the appellant drove both men to Sharon Hill, Pennsylvania. Later that day, after the appellant was interrogated by the Philadelphia police, he was charged with murder, voluntary and involuntary manslaughter, robbery and criminal conspiracy.

In consequence of our review of the court record, written briefs and oral arguments, we affirm the judgment of sentence. We hereby adopt the well-reasoned opinion of the court below; however, we supplement it by addressing two of the arguments raised by the appellant.

The appellant argues, inter alia, that the lower court erred in refusing the appellant's request for a mistrial after the prosecutor questioned a police witness on re-direct examination regarding the appellant's failure to disclose the real names of the other two perpetrators to Detective Clark while later disclosing them to Detective Henwood. The appellant maintains that this line of questioning employed by the prosecution was akin to asking the appellant on cross-examination to explain why he chose not to make a complete statement to Detective Clark; and, the appellant concludes, such an inquiry was a violation of the appellant's right to remain silent without the court or jury drawing inferences of guilt therefrom.

The court opinions cited by the appellant [*Commonwealth v. Jones*, 229 Pa.Super. 236, 327 A.2d 638 (1974); *United States v. Holland*, 360 F.Supp. 908 (E.D.Pa.1973); *Commonwealth v. Burkett*, 211 Pa.Super. 299, 235 A.2d 161 (1967)] hold that a cross examination regarding the accused's refusal to testify in a prior proceeding is not permissible where the purpose of such interrogation is to promote an inference

of guilt. This law emanates from constitutional safeguards of protection from self-incrimination, presumption of innocence and assistance of counsel. The appellant does not mention, however, that *Jones,* supra, permits the cross-examination of the accused regarding his choice to remain silent at some earlier proceeding where the probative value on the issue of the accused's credibility outweighs any prejudicial impact on the jury, and where the trial judge determines that the prior silence is inconsistent with the defendant's testimony.

■ It cannot be said, though, that the appellant remained silent when Detective Clark requested the names of Gray and Burgess. He did disclose their nicknames ("Satan" and "Woody"); therefore, he did not exercise his right to remain completely silent in response to Detective Clark's request for the identity of the two men. Moreover, we do not believe that the prosecution intended to equate the appellant's failure to disclose their real names with an incriminating statement; nor do we believe that the jury would necessarily interpret it that way. Rather, it was an attack on his credibility through the use of inconsistent statements given to Detectives Clark and Henwood. We conclude that such questioning of a police witness on direct examination was just as permissible as such questioning of the appellant himself on cross-examination.

The second issue we address is whether the finding of robbery was against the clear weight of the evidence. The appellant argues that a robbery was neither attempted nor completed. He refers to a small portion of the transcript where the store keeper, young Bernard Ferguson, in response to the court's inquiry, testified that both Gray and Burgess neither demanded nor took any money.

Robbery is defined in 18 Pa.C.S.A. § 3701(a) as follows:

(1) A person is guilty of robbery if, in the course of committing a theft, he:

(i) inflicts serious bodily injury upon another.

(ii) threatens another with or intentionally puts him in fear of immediate serious bodily injury;

(iii) commits or threatens immediately to commit any felony of the first or second degree;

(iv) inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury; or

(v) physically takes or removes property from the person of another by force however slight.

(2) An act shall be deemed 'in the course of committing a theft' if it occurs in an attempt to commit theft or in flight after the attempt or commission.

■ We find that the evidence was sufficient to permit the jury to conclude that a felony in the first degree (murder) occurred during the course of an attempted robbery. The statutory provision does not require that the property either be taken or demanded before a conviction of robbery is permissible. An attempt to commit theft can be reasonably inferred from the action taken by Burgess and Gray.

For the reasons set forth herein and in the opinion of the court below, we affirm.

DiSALLE, J., did not participate in the consideration or decision of this case.